UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SAMUEL T. WRIGHT,**

      **Plaintiff,**

-vs-	Case No.  6:07-cv-2039-Orl-19KRS

**DUANE S. BURKHEAD,**
**DONNA OLPHIE,**

      **Defendants.**
_____

# ORDER

This case comes before the Court on the following:

1. Defendant Donna Olphie's Motion To Strike (Doc. No. 5, filed Dec. 30, 2007);

2. Defendant Duane S. Burkhead's Motion To Dismiss Plaintiff's Complaint (Doc. No. 8, filed Jan. 2, 2008);

3. Plaintiff Samuel Thomas Wright's Memorandum Of Law In Opposition To Defendant Burkhead's Motion To Dismiss (Doc. No. 9, filed Jan. 8, 2008);

4. Defendant Olphie's Motion To Drop Party (Doc. No. 16, filed Jan. 9, 2008); and

5. Plaintiff's Response to Defendant Olphie's Motion To Drop Party (Doc. No. 19, filed Jan. 10, 2008).

## Background

Plaintiff Samuel T. Wright brought this action under 42 U.S.C. § 1983 (2006) against Defendants Duane S. Burkhead and Donna Olphie alleging unlawful arrest. (Doc. No. 3, filed Dec. 28, 2007.) Specifically, Plaintiff claims that he was arrested by Defendant Olphie on January 28, 2005 for solicitation of a prostitute and by Defendant Burkhead on April 22, 2005 for possession

of a concealed weapon. (*Id.* at p. 1, ¶¶ 3-4.) Plaintiff further claims that both arrests were "made with an absence of probable cause." (*Id.* ¶ 5.) Defendant Olphie has filed an Answer with affirmative defenses, a Motion to strike a portion of the Complaint, and a Motion to drop a party. (Doc. No. 4, filed Dec. 30, 2007; Doc. No. 5, filed Dec. 30, 2007; Doc. No. 16, filed Jan. 9, 2008.) Defendant Burkhead has filed a Motion to dismiss. (Doc. No. 8, filed Jan. 2, 2008.) Plaintiff has filed a Response in opposition to Defendant Burkhead's Motion to dismiss and Defendant Olphie's Motion to drop a party. (Doc. No. 9, filed Jan. 8, 2008; Doc. No. 19, filed Jan. 10, 2008.)

**Analysis**

**I.     Defendant Donna Olphie's Motion to Strike**

   **A.     Standard of Review**

Under Federal Rule of Civil Procedure 12(f), a court may, on its own motion or by motion of a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a motion to strike is "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002). It is not intended to "procure the dismissal of all or part of a complaint." *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1988) (quoting 5 Charles A. Wright & Arther R. Miller, *Federal Practice and Procedure* § 1380 (1969)). A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citing cases). Thus, where a pleading in whole or in part is redundant, immaterial, impertinent, or scandalous, and it has no possible relationship to the controversy, a court may order the matter stricken.

### B. The Merits

Defendant Donna Olphie moves the Court to strike Paragraph Six (6) of the Complaint which states: "The charges brought against the [Plaintiff] were dismissed by the State Attorney's office." Defendant Olphie argues that this allegation is irrelevant to Plaintiff's claim of false arrest under the Fourth Amendment because "the decision by the State Attorney's Office[] has no bearing whatsoever on whether or not probable cause existed for the arrest of the Plaintiff." (Doc. No. 5 at pp. 2-3.) While Defendant Olphie is correct that Plaintiff does not have to prove an election not to prosecute to make out a claim of false arrest, the Court nevertheless finds that the allegation at issue in Paragraph Six (6) offers factual background information relating to the general controversy. The Court therefore declines to strike this allegation.

## II. Defendant Duane S. Burkhead's Motion to Dismiss

### A. Standard of Review

For the purposes of a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a trial court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from such pleading. *E.g.*, *Jackson v. Okaloosa County*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (abrogated on other grounds). A court must limit its consideration to this pleading and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d); *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007).

In Section 1983 cases, however, the Eleventh Circuit has established a heightened pleading standard when government officials are sued in their individual capacities. *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1366-67 (11th Cir. 1998).[1] The Eleventh Circuit explained that qualified immunity represents the rule rather than the exception. *Id.* at 1366 (citing *Lassiter v. Ala. A & M Univ. Bd. of Trs.*, 28 F.3d 1146, 1149 (11th Cir. 1994)). Under the qualified immunity doctrine, "government officials performing discretionary functions are immune not just from liability, but from *suit*, unless the conduct which is the basis for suit violates 'clearly established [federal] statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Court continued, "For a right to be 'clearly established,' previous case law must have developed it in a concrete factual context so as to make it obvious to a reasonable government actor that his actions violate federal law." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)). Therefore, the Court explained:

> [W]hile Federal Rule of Civil Procedure 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious

---

[1] The Supreme Court rejected a heightened pleading standard in Section 1983 actions against municipalities. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993). The Eleventh Circuit has clarified, "*Leatherman* overturned our prior decisions to the extent that those cases required a heightened pleading standard in § 1983 actions against entities that cannot raise qualified immunity as a defense." *Swann v. So. Health Partners, Inc.*, 388 F.3d 834, 838 (11th Cir. 2004); *see also Weissman v. Nat'l Ass'n of Sec. Dealers, Inc.*, 500 F.3d 1293, 1309 n. 6 (11th Cir. 2007) (Tjoflat, J., dissenting) ("The use of the so-called 'heightened pleading' requirement, though longstanding, continues to give rise to debate. Our cases on this topic are perhaps not the model of clarity, but at the very least, this circuit applies a heightened pleading standard in complaints alleging § 1983 claims against entities who may raise qualified immunity as a defense (e.g., government officials sued in their individual capacities)."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (explaining that the heightened pleading standard still applies to Section 1983 suits against individual government officials).

> claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim. . . . Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367. Thus, in a Section 1983 action against individual government officials, a plaintiff must plead facts with sufficient particularity to overcome the officials' qualified immunity. *See Kyle K.*, 208 F.3d at 944.

### B. The Merits

Defendant Duane Burkhead argues that the Complaint should be dismissed for failing to state a claim under the Eleventh Circuit's heightened pleading standard for actions brought under Section 1983. (Doc. No. 8.) Plaintiff responds that he has sufficiently pled a claim for false arrest. (Doc. No. 9.)

To prevail on a Section 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment. *E.g.*, *Devenpeck v. Alford*, 543 U.S. 146, 152-56 (2004); *Parm v. Shumate*, __ F.3d __, 2007 WL 4555590, at *5 (5th Cir. 2007). Whether probable cause exists depends on whether the factual circumstances known to the arresting officer, as viewed from the standpoint of an objectively reasonable officer, amount to probable cause. *Devenpeck*, 543 U.S. at 152; *Maryland v. Pringle*, 540 U.S. 366, 371 (2003).

When an officer is sued in his individual capacity for an unlawful arrest, the burden on a plaintiff is even higher, since the plaintiff must also overcome the officer's qualified immunity. *See GJR Invs., Inc.*, 132 F.3d at 1366-67. Furthermore, as the Supreme Court explained, "[W]e have emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation." *Anderson*, 483 at 646 n. 6. The Court continued, "Thus, on remand, it should first be

determined whether the actions the [plaintiffs] allege [the defendant officer] to have taken are actions that a reasonable officer could have believed lawful.  If they are, then [the defendant] is entitled to dismissal prior to discovery."  *Id.*  The Court's remand instruction presupposes that a plaintiff has pled the allegedly unlawful conduct with specificity sufficient to make this determination.  *See id.*  The Eleventh Circuit's heightened pleading requirement ensures that this level of specificity is present in a complaint.  *See GJR Invs., Inc.*, 132 F.3d at 1366-67.

In the current case, Plaintiff provides the following details of the allegedly unlawful arrest by Defendant Burkhead in his Complaint:

> 4. On or about April 22, 2005, the Plaintiff was arrested by Deputy Burkhead for possession of a concealed weapon despite possessing a valid concealed weapon permit.
>
> * * *
>
> 5. [This arrest] was made with an absence of probable cause.
> 6. The charges brought against the [Plaintiff] were dismissed by the State Attorney's office.
>
> * * *
>
> 13. The Defendants arrested the Plaintiff without any probable cause and without color of authority.
> 14. The arrest of the Plaintiff consists of an intentional restraint of the Plaintiff against the Plaintiff's will.

(Doc. No. 3 at pp. 1-2.)  In his Response in opposition to Defendant Burkhead's Motion to dismiss, Plaintiff argues:

> It is axiomatic that there is no probable cause for arresting a person for carrying a concealed weapon when in fact they are legally permitted to do so.  The complaint clearly states the lack of probable cause for the arrest, and thus the complaint does state a cause of action.  The fact that there are no other circumstances to plead does not make the pleading any less valid, but this is a simple case of a law enforcement officer completely disregarding a lawful concealed weapon permit in order to effectuate an arrest, which was promptly dismissed by the State Attorney's office.

(Doc. No. 9 at p. 1, ¶ 2.)

Plaintiff has not offered sufficient detail of the circumstances of the arrest to demonstrate that Defendant Burkhead violated a clearly established right of which a reasonable officer would have known.[2] Plaintiff merely asserts that he was arrested "without probable cause." (Doc. No. 3 at p. 1, ¶ 5.) Absent more specific facts, this claim fails to meet the heightened pleading standard for Section 1983 claims against individual officers. Therefore, the Court must dismiss Plaintiff's claim against Defendant Burkhead.

### III. Defendant Olphie's Motion to Drop Party

#### A. Standard of Review

Federal Rule of Civil Procedure 20 explains when parties may properly be joined in one action. This Rule provides:

> Persons . . . may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). Under Federal Rule of Civil Procedure 21, a court may, on its own motion or by motion of a party, drop an improperly joined party on "just terms." Dropping or adding a party to a lawsuit pursuant to this Rule is left to the sound discretion of the trial court. *Lampliter Dinner Theater, Inc. v. Liberty Mut. Ins. Co.*, 792 F.2d 1036, 1045 (11th Cir. 1986). A district court's decision to drop a party will only be reversed if it constitutes an abuse of discretion. *Id.*

---

[2] For instance, Plaintiff does not allege whether the arrest was made subject to a warrant, whether Defendant Burkhead had knowledge of Plaintiff's concealed weapons permit, or any of the particular circumstances of the arrest in question.

### B.     The Merits

Defendant Olphie argues that she should be dropped as a party because there is a misjoinder of Defendants.  (Doc. No. 16 at p. 1.)  Plaintiff disagrees and states that "the harm to the Plaintiff is so intertwined that the damage from one arrest cannot be separated from the damage from the second arrest." (Doc. No. 19 at p. 1, ¶ 3.)  However, Plaintiff alleges two different false arrests by two different officers and sues these officers in their individual capacities. (Doc. No. 3.)  Plaintiff has made no claims that the circumstances of one arrest had anything to do with the circumstances of the other arrest, nor does Plaintiff claim a unifying policy or practice of unlawful arrests.  (*See id.*)  Instead, Plaintiff claims the cumulative effect of these two false arrests has caused "intertwined" damages, and therefore separate suits would "result in juror confusion and potential inconsistent verdicts."  (*Id.* at pp. 1-2.)  This argument is not well taken.  The fact that Plaintiff has suffered cumulative harm from two unrelated events does not warrant joinder of his claims against the two Defendants.  Plaintiff has not demonstrated that the requirements of Rule 20 are met; namely, that the claims arise from the same transaction, occurrence, or series of transactions or occurrences, or that any question of law or fact common to all defendants will arise in the action.[3]  Therefore, Defendant Olphie is dropped as a party from this lawsuit.

### Conclusion

Based on the foregoing, it is ordered and adjudged:

---

[3]     Furthermore, Plaintiff has plenty of time to file an action against Defendant Olphie, since the statute of limitations applicable to Section 1983 claims brought in Florida is four (4) years.  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999).

1. Defendant Donna Olphie's Motion To Strike is **DENIED**. (Doc. No. 5.)

2. Defendant Duane S. Burkhead's Motion To Dismiss is **GRANTED**. (Doc. No. 8.) The claims against Defendant Burkhead are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff has leave to file an Amended Complaint that comports with this Order within ten (10) days from the date of this Order.

3. Defendant Donna Olphie's Motion To Drop Party is **GRANTED**. (Doc. No. 16.) The claims against Defendant Olphie are **DISMISSED WITHOUT PREJUDICE**, to the filing of a separate action by Plaintiff against Defendant Olphie.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February 13th, 2008.

*[Signature]*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:
Counsel of Record